[No. B119999. Second Dist., Div. Four. Dec. 7, 1999.]

ROBERT S. WOLF, Plaintiff and Appellant, v.
MITCHELL, SILBERBERG & KNUPP et al., Defendants and
Respondents.

**COUNSEL**

Mazursky, Schwartz & Angelo, Arnold W. Schwartz and Anthony Kornarens for Plaintiff and Appellant.

Mitchell, Silberberg & Knupp, Lucia E. Coyoca and John L. Segal for Defendants and Respondents.

**OPINION**

**KUHL, J.\***—This action is brought by a trust beneficiary against attorneys for the trustee. The trust beneficiary alleges that the attorneys actively

---

\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

participated with the trustee in breaches of fiduciary duty that essentially looted the trust. The trial court granted summary judgment in favor of the defendant attorneys on the ground that the trust beneficiary was not the real party in interest and only the trustee could bring this action. We reverse. Ordinarily the trustee is the real party in interest when a cause of action is prosecuted on behalf of a trust. However, the California courts have accepted the common law exception to this rule, permitting a trust beneficiary to bring an action against third parties who actively participate in a trustee's breach of trust. The allegations of the complaint in this case are sufficient to invoke that exception.

## FACTUAL AND PROCEDURAL BACKGROUND

Reva Wolf was married to David Wolf. When she died on October 30, 1983, her will created a testamentary trust. The net income of the trust was to be paid to David during his lifetime. The trustee had the power to invade the principal for David's "proper support, care, maintenance and emergency medical needs." On David's death, the trustee or trustees were required to "divide the estate and pay the same, free of trust, in equal shares" to Reva and David's children, Robert Sterling Wolf and Sherwin Fred Wolf.

David was to serve as trustee. In the event he was unable to serve, Robert and Fred were to serve as cotrustees. If either Robert or Fred was unable or unwilling to serve as trustee, the other was to serve as sole trustee.

David served as trustee during his lifetime. He died October 19, 1995.

After David's death, Robert learned that a relatively small amount remained in the trust. He brought this action against Morton Alan Haas and Company, an accounting firm that had done work for the trust, and Mitchell, Silberberg & Knupp (MSK) and Stanley I. Arenberg, a law firm and lawyer that had done work for the trust.[1] The complaint alleges that trust assets had been improperly commingled with nontrust assets; that Fred controlled and directed David in making improper and inappropriate investments of trust assets; and that Fred improperly received from the trust in excess of $450,000 in violation of the terms of the trust. The complaint further alleges that trust assets were used to pay the Bicycle Club and Commerce Casino for Fred's gambling debts, to pay Fred's mortgage on his personal home and to pay amounts due for losses on commodity accounts in Fred's name.

The complaint pleads causes of action for professional negligence, breach of fiduciary duty, constructive fraud and negligent misrepresentation against

---

[1] Robert's claims against Morton Alan Haas and Company have been settled.

MSK and Arenberg. It alleges that until August 1995 Arenberg was employed by MSK; that MSK and Arenberg performed legal services for the trustee, the trust and its beneficiaries; and that Robert on occasion consulted with them about his own personal legal matters. Robert also alleges that MSK and Arenberg were aware that the assets of the trust were being commingled with nontrust assets and were being dissipated in breach of the provisions of the trust; that they performed legal services intended to prevent Robert from discovering these facts; that they advised Robert to waive his rights to ongoing accountings that would have revealed the trustee's wrongful conduct; that they made misrepresentations of material fact concerning the trust; that they facilitated the dissipation of the trust by preparing legal documents that provided the trustee with access to the principle of the trust; and that they drafted a codicil to David's will (providing that any questioning of David's acts as trustee would be a contest of his will) to discourage Robert from taking legal action as a beneficiary of the trust upon learning what had happened to trust assets.

In the cause of action for constructive fraud, Robert further alleges that by their breaches of duty and failure to disclose, MSK and Arenberg intended that Robert not learn of the conduct of David and Fred regarding the trust because they received a greater amount of fees from them "and wished to keep receiving a greater amount of fees." The complaint makes the same allegation as to MSK's and Arenberg's financial motive for making misrepresentations of material fact and failing to disclose material facts.

With respect to damages, the complaint alleges that absent MSK's and Arenberg's wrongful acts, "the Trust would not have been looted and its assets dissipated, the value of the Trust corpus would have substantially increased, and Plaintiff would have obtained far greater benefits from the Trust, and received the monies to which he was entitled."

MSK and Arenberg filed a motion for summary judgment, arguing that the damages sought were damages for injury to the trust and that Robert lacked standing to sue to recover those damages.[2] In support of their motion, MSK and Arenberg offered Robert's interrogatory responses in which he asserted that "his damages consist of the loss of trust funds to which he was a beneficiary, the loss of accrued interest which would have enhanced the trust corpus, and other like damages and the payment to MSK/Arenberg of fees for legal services rendered." They also offered a portion of Robert's deposition in which he testified that he personally had never paid any money for legal services rendered by MSK or Arenberg concerning the trust or Reva's

---

[2]MSK and Arenberg also argued that Robert lacked standing to sue to recover damages to the estate of David. Robert's opposition conceded that he did not seek such damages.

estate. MSK and Arenberg also asserted that Fred, a current cotrustee of the trust, had not authorized or consented to the filing of this lawsuit.

In opposition to the summary judgment motion, Robert offered his own declaration in which he testified that: "I am pursuing this action to recover monies owed to me by my former attorneys and accountants as a result of the harm caused to me personally. As successor trustee, I am also through this action attempting to maximize the amount of assets for the Trust." With respect to Fred's status as cotrustee, Robert offered the deposition of Fred in which he testified that he never had "done anything" in his capacity as cotrustee of the trust.

Robert's opposition also requested leave to amend the complaint to "more clearly specify for whose benefit Robert is maintaining this action."

The trial court granted summary judgment in favor of the defendants. The court found it was undisputed that Robert "is seeking money he claims is owed to the Trust, not to himself." The court stated that Robert's declaration asserting he is "pursuing this action to recover monies owed to me" was contradicted by his discovery response asserting he is seeking "the loss of trust funds to which he was a beneficiary." The court held that Robert could not maintain this action because the trustee of the trust is the real party in interest and a trust beneficiary lacks standing to sue third parties for injury to the trust. Further, the court held that even if Robert purported to bring this action as a cotrustee on behalf of the trust, he could not maintain the action because he failed to comply with Probate Code section 15620 which mandates joint exercise of powers by both cotrustees.

Robert filed a timely appeal from the trial court's grant of summary judgment in favor of MSK and Arenberg.

### DISCUSSION

■ A trial court's determination of a summary judgment motion is reviewed de novo. (*Environmental Protection Information Center* v. *Department of Forestry & Fire Protection* (1996) 43 Cal.App.4th 1011, 1015 [50 Cal.Rptr.2d 892].) This review follows the same analysis required of the trial court under Code of Civil Procedure section 437c. (43 Cal.App.4th at p. 1016.)

We begin with certain basic principles. Code of Civil Procedure section 367 requires that "[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." With respect to

trusts, Code of Civil Procedure section 369 provides that the trustee of an express trust may sue "without joining as parties the persons for whose benefit the action is prosecuted . . . ." (Code Civ. Proc., § 369, subd. (a)(2).)

When a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest. (*Pillsbury* v. *Karmgard* (1994) 22 Cal.App.4th 743, 753 [27 Cal.Rptr.2d 491] (*Pillsbury*); *Saks* v. *Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 427 [8 Cal.Rptr.2d 869] (*Saks*); see *Thorpe* v. *Story* (1937) 10 Cal.2d 104, 114 [73 P.2d 1194].) Generally, the beneficiary of a trust, having no legal title or ownership interest in the trust assets, is not the real party in interest and may not sue in the name of the trust. (*Pillsbury, supra*, 22 Cal.App.4th at p. 753; *Saks, supra*, 7 Cal.App.4th at p. 427.) A trust beneficiary's "right to sue is ordinarily limited to the enforcement of the trust, according to its terms." (*Saks, supra*, 7 Cal.App.4th at p. 427, citing *Botsford* v. *Haskins & Sells* (1978) 81 Cal.App.3d 780, 784 [146 Cal.Rptr. 752].)

The issue in this case is whether any exception to this general rule is applicable and permits suit by Robert as a trust beneficiary against third parties who are alleged to have committed torts against the trust.

The court below relied primarily on *Saks* and *Pillsbury* in concluding that Robert could not proceed as a trust beneficiary in this case. In both *Saks* and *Pillsbury* the trust beneficiary asserted that he had a right to bring an action against a third party for injury to trust assets because the trustee had failed and refused to bring the action.

In *Saks* the trust beneficiaries sued a real estate broker and an attorney who had provided services to the trust, contending that they had breached duties of care and fiduciary duties to the trust by failing to disclose certain material information about a property transaction in which they had represented the trust. (*Saks, supra*, 7 Cal.App.4th at p. 423.) The complaint also alleged that the attorney had acted improperly in advising the beneficiaries (who previously had been trustees) to resign as trustees, leaving Sumitomo Bank as the sole trustee.[3] (*Id.* at p. 424.) The trial court sustained the defendants' demurrers to the complaint and the court of appeal affirmed.

The beneficiaries argued that, "given [the trustee's] conflict of interest and refusal to bring a claim against [the real estate broker and the attorney]" the

---

[3]The beneficiaries also sued Sumitomo (although it is unclear from the opinion what allegations were made against the trustee), but the trial court granted Sumitomo's motion to strike on the ground that the probate department had exclusive jurisdiction of claims regarding internal affairs of testamentary trusts. (*Saks, supra*, 7 Cal.App.4th at p. 424.)

beneficiaries should be permitted to sue on behalf of the trust. (*Saks, supra,* 7 Cal.App.th at p. 428.) They relied on the following language from *Triplett v. Williams* (1969) 269 Cal.App.2d 135, 138 [74 Cal.Rptr. 594]: " 'If the trustee cannot or will not enforce the cause of action which the trustee ought to bring against a third person, the beneficiary may seek judicial compulsion against the trustee (Rest.2d Trusts, § 199); or the beneficiary may enforce his rights by a suit in which the third person and the trustee are joined in order that the claim may not be lost or prejudiced (Rest.2d Trusts, § 282; [citations]).' " (*Saks, supra,* 7 Cal.App.4th at p. 428, fn. 6.) The Court of Appeal held that the beneficiaries' "only proper course was to proceed against the trustee in the probate department, seeking either to compel [the trustee] to proceed against [the third party tortfeasors], or to remove it and to appoint a trustee ad litem to sue the third parties." (*Id.* at p. 430.) The court further noted that the "trial court could have, on its own motion, transferred [the] action to the probate department under Code of Civil Procedure section 396, rather than dismissing it." (*Id.* at p. 430, fn. 8.)

In *Pillsbury,* the beneficiary of an express trust brought suit against third parties alleging that they had maliciously prosecuted a lawsuit against the trust. The beneficiary alleged that the trustee, Wells Fargo Bank, had failed and refused to bring the malicious prosecution action on behalf of the trust. (*Pillsbury, supra,* 22 Cal.App.4th at pp. 749-752.) After the beneficiary put on his evidence at trial, the trial court granted a nonsuit on the ground that the beneficiary had failed to sustain his burden of proof that the trustee had negligently or wrongfully declined to bring the malicious prosecution action. (*Id.* at pp. 752-753.) The Court of Appeal, relying on *Saks,* held that the trial court properly required the beneficiary to establish his standing by proving the trustee's failure to bring the malicious prosecution action on behalf of the trust was "negligent, wrongful or otherwise improper." (*Id.* at p. 756.)

Thus *Saks* and *Pillsbury* are cases that consider the exception to the general rule against suits brought by trust beneficiaries that applies when the trustee has failed to bring suit against a third party on behalf of a trust. California has adopted the rule of the Restatement Second of Trusts, section 282, subdivision (2), which states that "[i]f the trustee improperly refuses or neglects to bring an action against the third person, the beneficiary can maintain a suit in equity against the trustee and the third person." (*Triplett* v. *Williams, supra,* 269 Cal.App.2d 135, 138; see 4 Scott on Trusts (4th ed. 1989) § 282.1, p. 30.) *Pillsbury* adopts the clarification of the scope of such a lawsuit described in comment e to subdivision (2) of section 282: "If the trustee does not commit a breach of trust in failing to bring an action against the third person, as for example where it is prudent under the circumstances to refrain from bringing an action . . . the beneficiary cannot maintain a suit

against the trustee and the third person." (Rest.2d Trusts, § 282, subd. (2), com. e, p. 46, quoted with approval in *Pillsbury, supra,* 22 Cal.App.4th at p. 754, fn. 10.)

In this case, Robert did not join his cotrustee, Fred, in the lawsuit, nor did he allege that Fred committed a breach of trust in failing to bring suit against MSK and Arenberg.[4] Thus Robert cannot take advantage of the exception to the general rule against trust beneficiaries' standing defined in *Saks, Pillsbury,* and section 282, subdivision (2), of the Restatement Second of Trusts.

However, in this case Robert rests his standing as a beneficiary on a different exception to the general rule against suits brought by trust beneficiaries. He argues that a beneficiary should be permitted to sue a third party for injury to the trust when the third party has actively participated with the trustee in a breach of trust.[5]

Section 16420 of the Probate Code expressly allows a beneficiary or a cotrustee of a trust to "commence a proceeding" "[i]f a trustee commits a breach of trust . . . ." One of the specified available remedies is an action "to trace trust property that has been wrongfully disposed of and recover the property or its proceeds." (Prob. Code, § 16420, subd. (a)(9).) This statutory provision adopts the well-established common law rule that a beneficiary of a trust may bring an action against a third party to recover property transferred to the third party by the trustee in breach of trust. The rationale for this rule is that ". . . because the trustee has already committed a breach of trust in making the transfer, it is unnecessary for the beneficiaries to call on him to undo what he has done." (4 Scott on Trusts, *supra,* § 294.1, p. 100; cf. Rest.2d Trusts, § 294, com. a, p. 69 [the wrong committed by the third party is a wrong to the beneficiary in taking or retaining the property after notice of the breach of trust].)

In addition to the remedies for breach of trust specified in subdivision (a) of Probate Code section 16420, a beneficiary or cotrustee may "resort to any

---

[4] Robert apparently took advantage of the procedural option of proceeding against his cotrustee by bringing a separate action in the probate department of the superior court after the trial court granted summary judgment in favor of MSK and Arenberg in this case. In the probate department action, the court, at the request of Robert, removed Fred as cotrustee of the trust. The probate department also held that Fred used his influence over David to take control of trust funds and ordered that Fred pay Robert over $900,000, representing the amount of trust funds used to personally benefit Fred. An appeal of the probate department's ruling presently is pending.

[5] MSK and Arenberg contend that Robert may not assert this theory because he has not challenged David's actions as trustee. However, although Robert has not named David's estate as a defendant in this lawsuit, the complaint in this case alleges that Fred controlled and directed David in making improper and inappropriate investments on behalf of the trust. Plainly Robert contends that breaches of trust occurred during the trusteeship of David, and that MSK and Arenberg actively participated in these breaches.

other appropriate remedy provided by statute or the common law." (Prob. Code, § 16420, subd. (b).) Such an appropriate common law remedy is defined in section 326 of the Restatement Second of Trusts. ▮▮▮ Section 326 of the Restatement provides that "[a] third person who, although not a transferee of trust property, has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust." (See also Bogert, Law of Trusts and Trustees (rev. 2d ed. 1995) § 868, pp. 104-109 [person who knowingly aids trustee in committing a breach of his duties is liable to the beneficiary]; 11 Witkin, Summary of Cal. Law (9th ed. 1990) Trusts, § 164, p. 1017 [beneficiary may sue third persons who participated in breaches of trust].) Comment a to section 326 of the Restatement Second of Trusts provides an example that is relevant to this case: "[I]f the trustee purchases through a stockbroker securities which it is a breach of trust for him to purchase and the broker knows that the purchase is in breach of trust, the broker is liable for participation in the breach of trust." (At p. 124.)

A recent Court of Appeal decision (decided after the lower court's decision in this case) expressly adopts the rule of Restatement Second of Trusts section 326. In *City of Atascadero* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445 [80 Cal.Rptr.2d 329] (*Atascadero*), the court considered whether beneficiaries of the Orange County Investment Pools, a statutory investment trust, could bring a direct tort action for breach of fiduciary duty (and other claims) against Merrill Lynch, a securities and financial broker and adviser, even though the county, the trustee of the investment pools, already had filed suit against Merrill Lynch. (*Id.* at pp. 451-458.) As in this case, the defendant in *Atascadero* argued that the suit only could be maintained by the trustee, and that the beneficiaries lacked standing. (*Id.* at pp. 458-459.) The Court of Appeal, drawing extensively on the authorities cited above, held that ". . . trust beneficiaries may bring suit on their direct claims against third persons who have actively participated with a trustee in a breach of trust for their own financial advantage, whether by inducing, aiding or abetting the trustee's breach of duty, or by receiving trust property from the trustee in knowing breach of trust." (*Id.* at p. 467; accord, *Morales* v. *Field, DeGoff, Huppert & MacGowan* (1979) 99 Cal.App.3d 307, 314-315 [160 Cal.Rptr. 239] [beneficiary may sue attorney for trustee when attorney actively participates in a breach of trust].)

In *Pierce* v. *Lyman* (1991) 1 Cal.App.4th 1093 [3 Cal.Rptr.2d 236], the Court of Appeal defined when actions by an attorney for a trustee will give

rise to liability to a beneficiary of the trust.[6] Following *Doctors' Co.* v. *Superior Court* (1989) 49 Cal.3d 39 [260 Cal.Rptr. 183, 775 P.2d 508], *Pierce* v. *Lyman* held that an attorney may be liable to a trust beneficiary for the attorney's active participation in a trustee's breach of duty if the attorney acted in furtherance of his or her own financial gain, or committed actual fraud by making express misrepresentations to the beneficiary. (*Pierce* v. *Lyman, supra,* 1 Cal.App.4th at pp. 1104-1106.)

The allegations of the complaint in this case meet the requirements of *Atascadero* and *Pierce* v. *Lyman* for a claim by a beneficiary directly against a third person who participated in a trustee's breach of trust.[7] The complaint alleges that MSK and Arenberg performed legal services intended to prevent Robert from discovering the dissipation of trust assets and the trustee's inappropriate investments, advised Robert to waive his rights to ongoing accountings that would have revealed the trustee's wrongful conduct, and made misrepresentations of material fact concerning the trust. The complaint further alleges that MSK and Arenberg intended that Robert not learn of the misconduct of the trustee because they received a greater amount of fees from David and Fred and "wished to keep receiving a greater amount of fees."

These allegations are similar to those made by trust beneficiaries in *Atascadero* and *Pierce* v. *Lyman*. In *Atascadero* the beneficiaries alleged that Merrill Lynch made direct misrepresentations to the beneficiaries, actively participated with the trustee in breaches of trust, and acted for their own financial gain. (*Atascadero, supra,* 68 Cal.App.4th at pp. 457-458.) In *Pierce* v. *Lyman* the complaint alleged that the attorneys who represented the trustees actively concealed breaches of trust, made misrepresentations to the court, and acted to advance their own personal gain in the form of fees and investment opportunities. (*Pierce* v. *Lyman, supra,* 1 Cal.App.4th at pp. 1105-1106.) The allegations of the complaint in this case are similar, and Robert has standing as a trust beneficiary to bring this action for the attorneys' alleged active participation in the trustee's breaches of trust.

[6]In *Pierce* v. *Lyman* the lawsuit was brought by the trustee who also was a beneficiary of the trust. (1 Cal.App.4th at p. 1097.) The alleged wrongdoing had occurred during the tenure of prior trustees. (*Id.* at pp. 1098-1099.) Thus the Court of Appeal did not have occasion to consider the standing issue presented here. Nevertheless, the court discussed with approval authorities supporting the view that a beneficiary may bring an action against third parties who have breached fiduciary duties owed to the beneficiary. (*Id.* at p. 1103.)

[7]We note that although defendant attorneys moved for summary adjudication of issues as to each cause of action in which they were joined, they made no separate argument as to any particular cause of action and argued only that Robert lacked standing to bring the entire action. Their motion did not argue that the substantive allegations of any particular cause of action were insufficient to state a claim by a beneficiary. Therefore we consider the allegations of the complaint as a whole and whether they support the type of active participation required to allow a beneficiary to bring a direct claim against a third party.

In *Atascadero* the Court of Appeal considered a passage of Scott on Trusts which notes that a beneficiary should not be allowed to maintain an action against a third party that actively participates in a breach of trust if the offending trustee has been removed and a successor appointed. (*Atascadero, supra,* 68 Cal.App.4th at p. 467, citing 4 Scott on Trusts, *supra,* § 294.4, pp. 104-105.) The court had no occasion to apply this rule in *Atascadero* because the county remained the trustee of the Pool both during and after the breaches of fiduciary duty, even though the occupant of the county treasurer position had changed. (68 Cal.App.4th at pp. 468-470.) We also have no occasion to consider whether the rule suggested by this passage of Scott on Trusts should be applied in an appropriate case. Here a current cotrustee (Fred) is alleged to have actively participated with the prior trustee (David) in the breaches of trust alleged in the complaint. Indeed, he is alleged to have been the primary recipient of the funds dissipated from the trust. Under these circumstances, ". ⋮ . it is unnecessary for the beneficiar[y] to call on [the current trustee] to undo what he has done." (4 Scott on Trusts, *supra,* § 294.1 at p. 100.)[8]

■ MSK and Arenberg argue that summary judgment properly was granted because Robert presented no evidence in his opposition to the motion for summary judgment that supported his allegations that MSK and Arenberg actively participated in a breach of trust. This argument misperceives the burden that the attorney defendants' narrow summary judgment motion placed on the plaintiff.

MSK's and Arenberg's motion argued that Robert was not the real party in interest in light of discovery responses indicating that he was seeking recovery of moneys improperly taken from the trust. Thus, by their motion, defendant attorneys attempted to show that they had a complete defense to the case. (See Code Civ. Proc., § 437c, subd. (o)(2).) The burden then shifted to Robert to set forth specific facts showing that a triable issue of material fact existed as to the defense relied upon. (*Ibid.*) Of course Robert also could oppose the summary judgment motion on the basis that, accepting the facts offered by the moving parties, they were wrong on the law and had not made out a defense to the action. (*Ibid.*) That is essentially what Robert did on this motion. The defendant attorneys' standing argument was that Robert was not the real party in interest with respect to the claims asserted and the damages sought in this case. In order to establish his standing, Robert did not have to offer evidence proving the claims. He merely had to establish facts showing that he is the real party in interest for purposes of asserting those claims and seeking those damages.

---

[8]Because we hold that Robert has standing to bring this action as a trust beneficiary, we need not decide whether he also has standing to sue as a cotrustee.

## DISPOSITION

The trial court's grant of summary judgment in favor of defendants is reversed and the case is remanded for further proceedings. Plaintiff is to recover his costs on appeal.

Hastings, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied December 28, 1999, and respondents' petition for review by the Supreme Court was denied March 22, 2000. Mosk, J., did not participate therein.