[No. B203254. Second Dist., Div. Five. Dec. 22, 2008.]

Estate of THOMAS C. BOWLES, Deceased.

KEVIN CAVALLI, Petitioner and Appellant, v.
RICHARD ALAN CAVALLI et al., Objectors and Respondents.

KEVIN CAVALLI, Plaintiff and Appellant, v.
RICHARD ALAN CAVALLI et al., Defendants and Respondents.

## COUNSEL

Newell, Campbell & Roche, Robert M. Newell, Jr., and Richard D. Cleary for Petitioner and Appellant and for Plaintiff and Appellant.

Hill, Farrer & Burill, Steven W. Bacon and Patrick E. Michela for Objectors and Respondents and for Defendants and Respondents.

## OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

In these consolidated appeals, plaintiff, Kevin Cavalli, appeals from a judgment dismissing his civil complaint and an order denying his first amended Probate Code[1] section 17200 petition. We reverse the judgment and the order.

## II. BACKGROUND

These appeals concern two testamentary trusts—a qualified terminable interest property trust (the QTIP Trust), and a grandchildren's trust—created under the will of plaintiff's grandfather, Thomas C. Bowles. Plaintiff is a remainder beneficiary of the QTIP Trust and a beneficiary of the Grandchildren's Trust. Plaintiff's father is defendant, Richard Alan Cavalli, who also is a beneficiary of the QTIP Trust. Defendant, Walter Henry Reid, is not a beneficiary of either trust. But Mr. Reid is alleged to have induced the trustee, Mary J. Bowles, to sell QTIP Trust property to him at less than fair market value. Mr. Reid allegedly acted with knowledge the transactions breached the trustee's fiduciary duties.

---

[1] All further statutory references are to the Probate Code except where otherwise noted.

Mr. Bowles died in 1988. The probate court appointed his surviving spouse, Ms. Bowles, as trustee of the QTIP Trust. The trustee of the QTIP Trust was to pay the net income of the trust to Ms. Bowles during her lifetime. The trustee was also authorized to make payments of principal to Ms. Bowles if necessary for her health, support, and maintenance. In other words, Ms. Bowles, as trustee, controlled payments of trust income and distributions of trust principal to herself.

Upon Ms. Bowles's death, the QTIP Trust estate was to be distributed with a one-quarter share to each of Mr. Bowles's sons, Anthony Herman Cavalli (Anthony) and Richard Alan Cavalli (Richard), or their issue. (When necessary for purposes of clarity and not out of any disrespect, we will refer to certain individuals who share a common surname by their first names.) The remaining one-half of the QTIP Trust estate was to be distributed in equal shares to Ms. Bowles's four grandchildren, including plaintiff. The grandchildren's shares were to be distributed outright or held in trust depending upon their ages at the time of Ms. Bowles's death. In an October 5, 1989 final order in Mr. Bowles's estate proceeding, the probate court directed that $400,000 be distributed: one-quarter ($100,000) to Anthony; one-quarter ($100,000) to Richard; and one-half ($200,000) in trust to Ms. Bowles. Ms. Bowles's share was to be divided in four equal shares ($50,000) for her four grandchildren (the Grandchildren's Trust).

Ms. Bowles continued to act as trustee of both the QTIP Trust and the Grandchildren's Trust until her death in March 2006. Following Ms. Bowles's death, on plaintiff's petition, First Regional Bank (the bank) was appointed successor trustee of the QTIP Trust. No successor trustee of the Grandchildren's Trust has been appointed. There is no probate pending as to Ms. Bowles's estate.

Sometime prior to August 7, 2001, Ms. Bowles created a separate revocable trust—the Mary J. Bowles Trust. The trust remained revocable until Ms. Bowles's death. Richard is the successor trustee of the Mary J. Bowles Trust. Ms. Bowles's estate consists entirely of the Mary J. Bowles Trust.

Plaintiff filed two separate actions concerning the QTIP or Grandchildren's Trusts. Both actions arise out of Ms. Bowles's alleged breaches of trust. First, plaintiff filed his first amended section 17200 petition in the probate department of the superior court (the probate court) seeking to surcharge Ms. Bowles's estate (consisting of the Mary J. Bowles Trust assets) for her alleged fiduciary duty breaches in relation to the QTIP and the Grandchildren's Trusts. Second, plaintiff filed a civil complaint in the superior court seeking damages against Richard and Mr. Reid for allegedly inducing Ms. Bowles to breach the QTIP Trust for their own gain. Both proceedings have been dismissed, giving rise to these appeals.

## III.   DISCUSSION

### A.   Standard of Review

The appeals in this action are from demurrer dismissals primarily on standing grounds. The Supreme Court has defined our undertaking on appeal from a demurrer dismissal as follows, " 'Our only task in reviewing a ruling on a demurrer is to determine whether the complaint states a cause of action.' " (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300 [58 Cal.Rptr.2d 855, 926 P.2d 1042], quoting *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) The reviewing court assumes the truth of allegations in the complaint that have been properly pleaded and gives the complaint a reasonable interpretation by reading it as a whole and with all its parts in their context. (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 558 [71 Cal.Rptr.2d 731, 950 P.2d 1086]; *People ex rel. Lungren v. Superior Court, supra,* 14 Cal.4th at p. 300; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

■ Code of Civil Procedure section 367 states, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." A party who is not the real party in interest lacks standing to sue because the claim belongs to someone else. (*Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 307 [89 Cal.Rptr.2d 115]; *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1004 [79 Cal.Rptr.2d 544].) The Court of Appeal has held, "A real party in interest ordinarily is defined as the person possessing the right sued upon by reason of the substantive law. [Citation.]" (*Killian v. Millard* (1991) 228 Cal.App.3d 1601, 1605 [279 Cal.Rptr. 877]; accord, *Gantman v. United Pacific Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566 [284 Cal.Rptr. 188]; *Del Mar Beach Club Owners Assn. v. Imperial Contracting Co.* (1981) 123 Cal.App.3d 898, 906 [176 Cal.Rptr. 886].) Where someone other than the real party in interest files suit, the complaint is subject to a general demurrer. (Code Civ. Proc., § 430.10; *Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793, 796 [166 Cal.Rptr. 844, 614 P.2d 276]; *Parker v. Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6]; *Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19 [108 P.2d 906]; *CashCall, Inc. v. Superior Court* (2008) 159 Cal.App.4th 273, 287 [71 Cal.Rptr.3d 441]; *O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1095 [9 Cal.Rptr.3d 286].) Standing is a question of law subject to our independent review. (*Bilafer v. Bilafer* (2008) 161 Cal.App.4th 363, 368 [73 Cal.Rptr.3d 880]; *IBM Personal Pension Plan v. City and County of San Francisco* (2005) 131 Cal.App.4th 1291, 1299 [32 Cal.Rptr.3d 656]; *McKee v. Orange Unified School Dist.* (2003) 110 Cal.App.4th 1310, 1316 [2 Cal.Rptr.3d 774].)

## B. The Civil Complaint (Superior Court Case No. BC368022)

### 1. Overview

Plaintiff filed a March 15, 2007 complaint against Richard and Mr. Reid for damages, including punitive damages; to impose a constructive trust on wrongfully received QTIP Trust property; and for an accounting of all property they received from the trust. Plaintiff alleged: Ms. Bowles breached her fiduciary duties as trustee of the QTIP Trust; Richard and Mr. Reid, in furtherance of their own financial gain, induced, aided, and abetted Ms. Bowles's fiduciary duty breaches; and Richard and Mr. Reid accepted QTIP Trust property with knowledge the distributions breached Ms. Bowles's fiduciary duties to the trust. Plaintiff alleged defendants' active participation in Ms. Bowles's fiduciary duty breaches included inducing her to sell them QTIP Trust property at less than fair market value; make risky and imprudent loans from the QTIP Trust to Richard and to businesses in which he had an interest; make risky and imprudent investments in businesses in which Richard had an interest; and give defendants QTIP Trust property when they had no right to such property. Defendants demurred to the complaint on grounds plaintiff had no standing and the probate department had exclusive jurisdiction of the claims, which concerned the internal affairs of the trust. The trial court agreed, sustained defendants' demurrer without leave to amend, denied reconsideration, and entered a dismissal judgment.

### 2. Standing

■ Defendants argue plaintiff has no standing to bring this action against Richard and Mr. Reid. We conclude plaintiff has standing. As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf. (§§ 16249, 16010, 16011; Code Civ. Proc., § 369;[2] *Wolf v. Mitchell, Silberberg & Knupp* (1999) 76 Cal.App.4th 1030, 1035–1036 [90 Cal.Rptr.2d 792]; *Pillsbury v. Karmgard* (1994) 22 Cal.App.4th 743, 753–754 [27 Cal.Rptr.2d 491]; *Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 427 [8 Cal.Rptr.2d 869].) Conversely, a trust beneficiary cannot sue in the name of the trust. (*Pillsbury v. Karmgard, supra*, 22 Cal.App.4th at p. 753; *Saks v. Damon Raike & Co., supra*, 7 Cal.App.4th at p. 427; *Powers v. Ashton* (1975) 45 Cal.App.3d 783, 787–788 [119 Cal.Rptr. 729].) But a trust beneficiary can bring a proceeding against a trustee for breach of trust.

---

[2] Code of Civil Procedure section 369 provides that a trustee of an express trust "may sue without joining as parties the persons for whose benefit the action is prosecuted."

(§§ 17200,[3] 16420[4]; *Work v. County Nat. Bank etc. Co.* (1935) 4 Cal.2d 532, 536 [51 P.2d 90]; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 463 [80 Cal.Rptr.2d 329]; *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1103 [3 Cal.Rptr.2d 236].) Moreover, it is well established, and this court has held, that a trust beneficiary can pursue a cause of action against a third party who actively participates in or knowingly benefits from a trustee's breach of trust. (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1341–1342 [2 Cal.Rptr.3d 798]; *Wolf v. Mitchell, Silberberg & Knupp, supra*, 76 Cal.App.4th at pp. 1035–1041; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra*, 68 Cal.App.4th at pp. 462–467; *Pierce v. Lyman, supra*, 1 Cal.App.4th at pp. 1104–1106; *Morales v. Field, DeGoff, Huppert & MacGowan* (1979) 99 Cal.App.3d 307, 314–315 [160 Cal.Rptr. 239]; Rest.2d Trusts, § 294, pp. 69–71; 4 Scott on Trusts (4th ed. 1989) §§ 282, 291, 294.1, pp. 25–29, 77–87, 98–101; Bogert, The Law of Trusts and Trustees (2d rev. ed. 1995) §§ 868–869, 901, 955, pp. 103–123, 304–320, 679–685; 13 Witkin, Summary of Cal. Law (10th ed. 2005) Trusts, § 222, p. 803; 60 Cal.Jur.3d (2005) Trusts, § 382, p. 527.)

▪ Scott on Trusts explains: "[I]f a third person commits a tort with respect to the trust property, the trustee and not the beneficiary is ordinarily the proper party to bring an action against him. The beneficiary can maintain a suit in equity against the tortfeasor only if the trustee improperly refuses or neglects to bring an action, or if the trustee cannot be subjected to the jurisdiction of the court, or if there is a vacancy in the office of trustee. In such a case the third person is acting adversely to the trustee; he is liable to the trustee to the same extent to which he would be liable if the trustee held the property free of trust; he does not, save indirectly, incur any liability to the beneficiary. [¶] The situation is different where the trustee in breach of trust transfers property to a third person. ▪ In this situation the third person is not acting adversely to the trustee, and would have done no wrong and incurred no liability if the trustee had held the property free of trust. The wrong that he commits is a wrong to the beneficiaries in taking or retaining the property after he has notice of the breach of trust, and he thereby incurs a liability to them unless, indeed, he is a bona fide purchaser. In this situation, therefore, the beneficiaries can maintain a suit in equity against the transferee,

---

[3] Section 17200 states in part: "(a) Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust . . . . [¶] (b) Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes: [¶] . . . [¶] (12) Compelling redress of a breach of the trust by any available remedy."

[4] Section 16420 states: "(a) If a trustee commits a breach of trust, or threatens to commit a breach of trust, a beneficiary or cotrustee of the trust may commence a proceeding for any of the following purposes that is appropriate: [¶] . . . [¶] (3) To compel the trustee to redress a breach of trust by payment of money or otherwise."

if he took with notice of the breach of trust or paid no value. It is true that the trustee, if he can be subjected to the jurisdiction of the court, should ordinarily be joined as a party. But this is in order that the whole controversy may be determined in a single suit, and not because the right of the beneficiaries against the transferee is only a derivative right through the trustee. Primarily the liability of the transferee is to the beneficiaries rather than to the trustee, and the right of the beneficiaries against the transferee is a direct right and not one that is derivative through the trustee." (4 Scott on Trusts, *supra*, § 294.1, pp. 98–100, fns. omitted.) This comment, with minor language revisions, is repeated in volume 5, Scott and Ascher on Trusts (5th ed. 2008) section 29.1.11.1, pages 1994–1995.

■ Bogert, The Law of Trusts and Trustees, is in accord, "If the trustee and a third person join in committing a breach of trust, . . . there are two alternative causes of action available for enforcement against the third party. The wrongdoing trustee is permitted to repent of his misdeed and to sue the third person to recover the trust property or its value. And this privilege is also open to his executor, or to a successor as trustee, or to a co-trustee. . . . [¶] In such a case the beneficiary may also sue. He has two causes of action, one against the trustee for his part in the breach, and the second against the third person who participated. He may sue them separately or join them in a single suit. . . . It is immaterial whether the wrongdoing trustee could have sued the third party-participant. The beneficiary is enforcing a cause of action belonging to him, and is not acting as a representative of the guilty trustee in realizing upon a claim held by the later. [¶] The court's permission that the beneficiary may sue the third person in case of collusive participation is based on practical considerations. The wrongdoing trustee is apt to conceal the breach in order to shield himself from liability, and, instead of repenting and seeking a cure for the breach, will generally ignore it and fail to take action against the third party. If he alone were given the power to sue the participant, in many cases the cause of action would be barred by delay in enforcement. To obviate this result it is necessary to give the beneficiary an independent cause of action." (Bogert, The Law of Trusts and Trustees, *supra*, § 955, pp. 679–682, fns. omitted.)

■ Contrary to defendants' assertions, there is no requirement that the third party stand in a fiduciary relationship with the trust or intentionally direct misrepresentations or other wrongdoing at the beneficiaries. (*Harnedy v. Whitty*, *supra*, 110 Cal.App.4th at pp. 1341–1342; *Wolf v. Mitchell, Silberberg & Knupp*, *supra*, 76 Cal.App.4th at pp. 1035–1041; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, 68 Cal.App.4th at pp. 462–467; *Saks v. Damon Raike & Co.*, *supra*, 7 Cal.App.4th at p. 428; *Pierce v. Lyman*, *supra*, 1 Cal.App.4th at pp. 1104–1106; *Morales v. Field, DeGoff, Huppert & MacGowan*, *supra*, 99 Cal.App.3d at pp. 314–315; Rest.2d Trusts, § 294, pp. 69–71; 4 Scott on Trusts, *supra*, §§ 282, 291, 294.1, pp. 27–28, 77–87,

98–101; Bogert, The Law of Trusts and Trustees, *supra*, §§ 868–869, 901, 955, pp. 103–123, 304–320, 679–685; 13 Witkin, Summary of Cal. Law, *supra*, Trusts, § 222, p. 803; 60 Cal.Jur.3d, *supra*, Trusts, § 382, p. 527.) Further, contrary to defendants' argument, the beneficiary's cause of action is independent and not derivative through the trustee; therefore, the trustee is not a necessary party to the action. (*Harnedy v. Whitty, supra*, 110 Cal.App.4th at pp. 1341–1342; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra*, 68 Cal.App.4th at p. 465; 4 Scott on Trusts, *supra*, § 294.1, pp. 98–100; Bogert, The Law of Trusts and Trustees, *supra*, § 955, pp. 679–682.)

The Court of Appeal has explained: "[W]hen the claim being asserted rests in whole or in part on alleged breaches of trust by the trustee, a beneficiary has standing to pursue such a claim against either (1) the trustee directly, (2) the trustee *and* third parties participating in or benefiting from his, her, or its breach of trust, or (3) such third parties alone." (*Harnedy v. Whitty, supra*, 110 Cal.App.4th at pp. 1341–1342; accord, 60 Cal.Jur.3d, *supra*, Trusts, § 382, p. 527.) The Court of Appeal has further held: "Ordinarily, when a third party acts to further his or her own economic interests by participating with a trustee in such a breach of trust, the beneficiary will bring suit against *both* the trustee and the third party. However, it is not necessary to join the trustee in the suit, because 'primarily it is the beneficiaries who are wronged and who are entitled to sue. . . .' (4 Scott on Trusts, *supra*, § 282, p. 28.) The liability of the third party is to the beneficiaries, rather than to the trustee, 'and the right of the beneficiaries against the [third party] is a *direct right* and not one that is derivative through the trustee.' (*Id.* § 294.1, pp. 99–100, italics added.)" (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra*, 68 Cal.App.4th at p. 467.)

■ Here, plaintiff alleges defendants actively participated in Ms. Bowles's fiduciary duty breaches. The complaint alleges, among other things, Ms. Bowles was induced to sell defendants trust property for less than its fair market value; make risky and imprudent loans from the trust to Richard and to businesses in which he had an interest; make risky and imprudent investments of trust funds in businesses in which Richard had an interest; and give defendants trust assets when they had no right to such property. We assume the truth of those allegations. (*Stop Youth Addiction, Inc. v. Lucky Stores, supra*, 17 Cal.4th at p. 558; *Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at p. 967.) Plaintiff's allegations bring him within the rule that a trust beneficiary can pursue a cause of action against a third party who actively participates in or knowingly benefits from a trustee's breach of trust. Therefore, it was error to sustain defendants' demurrer without leave to amend and dismiss the complaint.

### 3. Jurisdiction

Defendants argue that only the probate department has jurisdiction to resolve the dispute that is the subject of the matters raised in the complaint. We conclude the civil complaint is not a probate matter under section 17200; but the civil complaint is related to the section 17200 petition; and whether the related civil complaint should be heard in the probate court must be resolved pursuant to local superior court rules.

First, subject matter jurisdiction, in the strict sense, is not at issue. (*Dowdall v. Superior Court* (1920) 183 Cal. 348, 349–353 [191 P. 685]; *Harnedy v. Whitty, supra,* 110 Cal.App.4th at pp. 1342–1346 & fn. 5 [superior court had jurisdiction of beneficiary's action against trustee for fraud].) The superior court was competent to hear the civil action and had the inherent authority to do so. (*Harnedy v. Whitty, supra,* 110 Cal.App.4th at p. 1344; see *Williams v. Superior Court* (1939) 14 Cal.2d 656, 662 [96 P.2d 334].) The superior court is divided into departments, including the probate department, as a matter of convenience; but the subject matter jurisdiction of the superior court is vested as a whole. (*Williams v. Superior Court, supra,* 14 Cal.2d at p. 662; *Graziani v. Denny* (1917) 174 Cal. 176, 179 [162 P. 397]; *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1449–1450 [45 Cal.Rptr.2d 695]; *People v. Madrigal* (1995) 37 Cal.App.4th 791, 795 [43 Cal.Rptr.2d 498]; 16 Cal.Jur.3d (2002) Courts, §§ 213, 214, pp. 671–675.)

Second, by statute, the probate department has exclusive jurisdiction of the first amended section 17200 petition, but only concurrent jurisdiction of the civil complaint. (§ 17000; *David v. Hermann* (2005) 129 Cal.App.4th 672, 683 [28 Cal.Rptr.3d 622].) Section 17000 states: "(a) The superior court having jurisdiction over the trust pursuant to this part[, Judicial Proceedings Concerning Trusts,] has exclusive jurisdiction of proceedings concerning the internal affairs of trusts. [¶] (b) The superior court having jurisdiction over the trust pursuant to this part has concurrent jurisdiction of the following: [¶] (1) Actions and proceedings to determine the existence of trusts. [¶] (2) Actions and proceedings by or against creditors or debtors of trusts. [¶] (3) Other actions and proceedings involving trustees and third persons." Section 17200, subdivision (a) states in part, "[A] trustee or beneficiary of a trust may petition the court . . . concerning the internal affairs of the trust or to determine the existence of the trust." Proceedings concerning the internal affairs of a trust include modification of trust terms; changes in a designated successor trustee; deviations from trust provisions; authority over the trustee's actions; and the administration of the trust's financial arrangements. (*Harnedy v. Whitty, supra,* 110 Cal.App.4th at p. 1345; *Estate of Mullins* (1988) 206 Cal.App.3d 924, 931 [255 Cal.Rptr. 430].) Additionally, a trustee or beneficiary may petition the court to compel redress of a breach of a trust. (§ 17200, subd. (b)(12).)

At issue here are two separate proceedings. The first proceeding, the first amended section 17200 petition, sought to redress Ms. Bowles's alleged breaches of trust, which concerns the internal affairs of the trusts. The second proceeding is the civil complaint, which is for damages against third persons and does not directly concern the trust's internal affairs. (*Harnedy v. Whitty, supra,* 110 Cal.App.4th at p. 1345.) The probate court has exclusive jurisdiction over the first amended section 17200 petition concerning the internal affairs of the trust. But the probate court possesses concurrent jurisdiction of the complaint, which seeks redress against third persons. (§ 17000; *In re Marriage of Perry* (1997) 58 Cal.App.4th 1104, 1111 [68 Cal.Rptr.2d 445] [family court had jurisdiction over child support modification matter which was, in substance, litigation commenced by a creditor of the trust, not a proceeding concerning the trust's internal affairs].)

We find the pertinent question is whether the civil action should be assigned to the probate department in which the first amended section 17200 petition is pending. Further, that question must be determined, on remand, under the superior court's local rules governing related probate and nonprobate cases. Los Angeles County Superior Court Local Rules, rule 10.15(b), which is part of the probate rules, states, "Relating non-probate cases to probate cases is governed by Rule 7.3(f) of the Los Angeles Superior Court Rules." Local rule 7.3(f) sets forth the procedure to be followed in order that a civil case can be ordered related to another case because the cases: "a) Arise from the same or substantially identical transactions, happenings or events; or [¶] b) Require a determination of the same or substantially identical questions of law and/or fact; or [¶] c) Are likely for other good reasons to require substantial duplication of labor if heard by different judges. . . ." The probate court has the power to determine the whole controversy including the civil action. (*Estate of Baglione* (1966) 65 Cal.2d 192, 196–197 [53 Cal.Rptr. 139, 417 P.2d 683]; *Estate of Heggstad* (1993) 16 Cal.App.4th 943, 951–952 [20 Cal.Rptr.2d 433].) But the authority of a probate department to resolve the merits of the civil action along with the first amended section 17200 petition was not a proper basis for sustaining the demurrer to the complaint.

C.   The Section 17200 First Amended Petition (Superior
Court Case No. P696178)

Plaintiff filed a July 18, 2007 first amended section 17200 petition. The first amended petition alleges, "By this proceeding Petitioner seeks redress for [Ms. Bowles's] breaches of fiduciary duty in her capacities as Trustee of the QTIP Trust and as Trustee of the Grandchildren's Trust." Paralleling the civil complaint, the first amended petition alleged Ms. Bowles breached her fiduciary duties as trustee of the QTIP Trust in that she distributed trust

principal to herself when it was not necessary for her health, support, or maintenance; failed to prudently invest trust property; commingled QTIP Trust assets with other assets, including those of the Mary J. Bowles Trust; and made imprudent loans to Richard. The first amended petition also alleged that Richard provided no security and, after receiving the proceeds from those loans, later defaulted. Also, the first amended petition alleged Ms. Bowles sold trust property to Richard and to Mr. Reid for less than fair market value; distributed trust property to Richard when he had no right to the property; failed to maintain complete and accurate records of transactions; preferred her own interests over those of the remainder beneficiaries, in breach of her duty to act impartially; encouraged Richard to file for bankruptcy so he would obtain a discharge of debts he owed to the QTIP Trust; and failed to distribute income and principal of the Grandchildren's Trust according to the trust terms. Plaintiff further alleged Ms. Bowles breached her duties as trustee of the Grandchildren's Trust by failing to make required distributions to him. He sought to surcharge Ms. Bowles's estate, consisting of the Mary J. Bowles Trust, for her fiduciary duty breaches. Richard was named as a defendant in his capacity as successor trustee of the Mary J. Bowles Trust. Additionally, plaintiff sought a liability finding against Richard and Mr. Reid, to the extent of distributions they allegedly received from the Mary J. Bowles Trust.

At the probate court's direction, the successor trustee of the QTIP Trust, the bank, investigated the alleged fiduciary duty breaches. The bank reported the QTIP Trust had decreased in value from $15 million in 1989 to about $2.7 million in 2006, a loss described as "striking." Additionally, the bank reported the documents it had reviewed did not explain the loss. The bank reported that Ms. Bowles had extensively commingled the assets of the QTIP Trust and those of the Mary J. Bowles Trust. Further, there was no evidence of any effort to keep track of which trust owned which portion of which asset. The documents the bank had received from Richard and his attorneys fell "far short" of what would be needed to track the QTIP Trust's receipts and expenditures. The documents revealed several major QTIP Trust assets were sold, but did not show whether the proceeds of those sales ended up in the trust. The bank also reported Richard was the only person who would be able to explain what had happened to the assets; his involvement with the two trusts had been significant; and he was a principal of at least three companies in which the trust had made major investments. The bank concluded: "The Trustee's investigation to date has been unable to explain why a QTIP Trust worth $15 million in 1989 was worth only $2.7 million in 2006, despite limited principal invasion rights by [Ms. Bowles], the Trustee and income beneficiary of the QTIP Trust. The incomplete documents received from Richard and reviewed by the Trustee's forensic accountants offer no explanation for the dramatic drop in value. [¶] As to more specific concerns raised in [plaintiff's] pleadings, neither the documents produced nor the narrative

provided by Richard's lawyers satisfactorily answer [plaintiff's] allegations. [¶] Because of the extensive commingling of the assets of the QTIP Trust and the [Mary J. Bowles] Trust, the lack of separate accountings for the two Trusts, and the absence of records showing the disposition of the proceeds from the sale of QTIP assets, the Trustee cannot recommend that no further action be taken. However, given the incompleteness of the documents available to the Trustee, and the Trustee's limited success in securing voluntary explanations from Richard and his attorney, it is unlikely that further *informal* investigation, without the tools of formal discovery, will be productive."

Defendants demurred to plaintiff's first amended section 17200 petition on the grounds he lacked standing. They argued the bank, as successor trustee of the QTIP Trust, was the real party in interest with standing. The probate court agreed. We respectfully disagree with defendants' standing contention. Section 17200 plainly and clearly states: "(a) Except as provided in Section 15800 [when a trust is revocable], *a trustee or beneficiary* of a trust may petition the court under this chapter concerning the internal affairs of the trust . . . . [¶] (b) Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes: [¶] . . . [¶] (12) Compelling redress of a breach of the trust by any available remedy." (Italics added; see *Patton v. Sherwood* (2007) 152 Cal.App.4th 339, 346 [61 Cal.Rptr.3d 289] ["any beneficiary of an irrevocable trust has standing to seek redress for breach of a trust"].) In determining legislative intent, we first look to the words in the statute. (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056 [6 Cal.Rptr.3d 432, 79 P.3d 548]; *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) **(11)** Section 17200 does not, by its terms, limit the beneficiary's right to compel redress of a breach of trust to a petition against a *current* trustee. Nor is there any decisional authority to that effect. (See *Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 617–625 [79 Cal.Rptr.2d 146] [§ 17200 petition against former trustee].) Here, plaintiff, a beneficiary of the QTIP Trust and of the Grandchildren's Trust, could properly file the first amended section 17200 petition at issue to compel redress of Ms. Bowles's alleged fiduciary duty breaches as to those trusts.

Defendants concede that if Ms. Bowles were still alive and serving as trustee of the QTIP Trust, then plaintiff would have standing to maintain this section 17200 proceeding against her. Additionally, defendants agree plaintiff would have standing to maintain an action against Richard and Mr. Reid. Defendants argue, however, that Ms. Bowles is deceased and has been replaced by a successor trustee. Thus, the defendants argue, the successor trustee alone has standing to maintain suit seeking redress for alleged breaches of trust. In support of that argument, defendants cite the following discussion in Scott on Trusts: "If a trustee in breach of trust transfers trust

property to a person who is not a bona fide purchaser, and the trustee is thereafter removed as trustee or otherwise ceases to be trustee and a successor trustee is appointed, the successor trustee can maintain a bill in equity against the third person. In such a case it would seem that the beneficiaries cannot maintain a suit against the transferee unless the successor trustee has refused to sue or is unavailable." (4 Scott on Trusts, *supra*, § 294.4, pp. 104–105, fns. omitted.) But this is not the law in California. Although the passage from Scott on Trusts has been mentioned in two California cases, neither of those decisions applied or adopted it. (See *Wolf v. Mitchell, Silberberg & Knupp, supra*, 76 Cal.App.4th at p. 1041; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra*, 68 Cal.App.4th at pp. 467–468.) Section 17200, subdivision (a), which allows a beneficiary to file a petition that raises issues concerning the internal affairs of a trust, is the law of this state.

■ Defendants argue section 16403, subdivision (b)(3) supports application of a rule that the beneficiaries have no standing when a successor trustee has been appointed. We disagree. Section 16403 states: "(a) Except as provided in subdivision (b), a successor trustee is not liable to the beneficiary for a breach of trust committed by a predecessor trustee. [¶] (b) A successor trustee is liable to the beneficiary for breach of trust involving acts or omissions of a predecessor trustee in any of the following circumstances: [¶] (1) Where the successor trustee knows or has information from which the successor trustee reasonably should have known of a situation constituting a breach of trust committed by the predecessor trustee and the successor trustee improperly permits it to continue. [¶] (2) Where the successor trustee neglects to take reasonable steps to compel the predecessor trustee to deliver the trust property to the successor trustee. [¶] (3) Where the successor trustee neglects to take reasonable steps to redress a breach of trust committed by the predecessor trustee in a case where the successor trustee knows or has information from which the successor trustee reasonably should have known of the predecessor trustee's breach. [¶] (c) The liability of a trustee for acts or omissions of a predecessor trustee that occurred before July 1, 1987, is governed by prior law and not by this section." Under section 16403, subdivision (b)(3), a successor trustee may be held liable to a beneficiary; potential liability may arise when the successor trustee fails to take reasonable steps to redress a known or reasonably knowable breach of trust committed by a predecessor trustee. (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1137–1138 [69 Cal.Rptr.2d 317, 947 P.2d 279].) Section 16403, subdivision (b)(3) does not address plaintiff's standing under the circumstances of this case. Section 16403, subdivision (b)(3) does not limit a beneficiary's right to file a petition to compel redress of a breach of a trust depending on who is the trustee—such a limitation is not present in section

17200. We conclude the probate court erred in dismissing plaintiff's first amended section 17200 petition.

## IV. DISPOSITION

The judgment of dismissal of the civil action, Superior Court case No. BC368022, is reversed. The order denying the first amended Probate Code section 17200 petition in Superior Court case No. P696178 is reversed. Plaintiff, Kevin Cavalli, is to recover his costs on appeal from defendants, Richard Alan Cavalli, individually and as successor trustee of the Mary J. Bowles Trust, and Walter Henry Reid.

Armstrong, J., concurred.

**MOSK, J.,** Concurring.—I concur.

In the first amended petition pursuant to Probate Code section 17200, which petition was before the court in the separate civil action, Kevin Cavalli alleges that the successor trustee of the QTIP Trust, First Regional Bank, "has taken the position in this proceeding that it is a 'neutral shareholder' with no duty to investigate the actions of MARY J. BOWLES, the predecessor trustee, or to bring the claims alleged in this petition. Petitioner is further informed and believes, and on that basis alleges, any demand made by Petitioner on First Regional Bank to bring the claims set forth in this petition would have been rejected and would have been futile." It is alleged there is no acting trustee for the grandchildrens' trust. It does appear, however, that thereafter First Regional Bank requested instructions whether it should pursue litigation against the trust beneficiary. Nevertheless, we deal with the sufficiency of the first amended petition in the probate proceeding and the complaint in the civil action.

The text authorities provide that a beneficiary of a trust cannot bring an action against a third person unless the successor trustee refuses to sue or is not available. (Scott & Ascher on Trusts (5th ed. 2008) 29.1.11.4, p. 1999; Bogert, The Law of Trusts and Trustees (2d rev. ed. 1995) § 869, pp. 119–121; see 13 Witkin, Summary of Cal. Law (10th ed. 2005) Trusts, § 149, pp. 711–712.) The court in *Wolf v. Mitchell, Silberberg & Knupp* (1999) 76 Cal.App.4th 1030, 1041 [90 Cal.Rptr.2d 792] states, "In [*City of*] *Atascadero*[ *v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 485 [80 Cal.Rptr.2d 329]] the Court of Appeal considered a passage of Scott on Trusts which notes that a beneficiary should not be allowed to maintain an action against a third party that actively participates in a breach of trust if the offending trustee has been removed and a successor appointed. (*Atascadero, supra,* 68 Cal.App.4th at p. 467, citing 4 Scott on

Trusts[ (4th ed. 1989)] § 294.4, pp. 104–105.) The court had no occasion to apply this rule in *Atascadero* because the county remained the trustee of the Pool both during and after the breaches of fiduciary duty, even though the occupant of the county treasurer position had changed. (68 Cal.App.4th at pp. 468–470.) We also have no occasion to consider whether the rule suggested by this passage of Scott on Trusts should be applied in an appropriate case. Here a current cotrustee (Fred) is alleged to have actively participated with the prior trustee (David) in the breaches of trust alleged in the complaint. Indeed, he is alleged to have been the primary recipient of the funds dissipated from the trust. Under these circumstances, '. . . it is unnecessary for the beneficiar[y] to call on [the current trustee] to undo what he has done.' (4 Scott on Trusts, *supra*, § 294.1 at p. 100.)" Neither *Wolf* nor *Atascadero* suggest that the law enunciated in the treatises is not applicable in California. Witkin has stated, "Where the trustee acts in breach of trust, as by transferring trust property to a third person, the beneficiary's right of action against either the trustee or the transferee is well established. If the trustee fails or refuses to act, the beneficiary is allowed to sue the third party." (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 138, p. 206.) Witkin does not consider the situation of a trustee who succeeds the offending trustee.

With respect to the petition in the probate case, I do not believe that we should reach issue of whether Probate Code section 17200 gives the beneficiary the right to sue third parties even if a successor trustee has not refused to do so. (Cf. *Patton v. Sherwood* (2007) 152 Cal.App.4th 339 [61 Cal.Rptr.3d 289].) The petitioner has pleaded that the successor trustee was unwilling to pursue the claims. That is sufficient for purposes of standing under the authorities. With respect to the grandchildrens' trust, it appears there is no trustee at this time. Thus, the beneficiary of the trust has standing.

In the civil action, the trial court sustained the demurrer without leave to amend "because there's a new trustee and there's no allegation that this new trustee can't act. You must plead that the new trustee is incapable—is not ready and willing to act. You don't have that." The court sustained the demurrer without leave to amend so that the case would be heard solely in the probate court, notwithstanding plaintiff's request to amend the complaint. The trial court did not appear to consider the possibility of plaintiff amending the complaint because the trial court believed that no action could be maintained except in the probate proceeding. In a motion for reconsideration, plaintiff sought to file an amended complaint that attempted to deal with the standing issue, but the trial court denied the motion. This court has held that the trial court's determination that the probate department must resolve the merits of the civil action was not a proper basis for sustaining the demurrer to the complaint.

Under these circumstances, I believe we should reverse and allow plaintiff the opportunity to amend the complaint. If there are allegations, as there were in the amended petition in the probate court, that the successor trustee would not proceed as plaintiff requested, then there would be no need to resolve the issue of whether a beneficiary has standing if the successor trustee had not refused to act.

I would reverse the judgment in the civil action to give plaintiff an opportunity to amend, and reverse as to the probate petition on the ground that petitioner has sufficiently pleaded facts to establish standing. As there may be further developments in connection with the successor trustee's request for instructions, the issue of standing might be revisited in future proceedings.

Respondents' petition for review by the Supreme Court was denied March 11, 2009, S170128.