Filed 6/3/14  Miner v. Chase Home Finance CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAROLYN E. MINER, | F066472 |
| Plaintiff and Appellant, | (Super. Ct. No. S-1500-CV-274408) |
| v. | |
| CHASE HOME FINANCE et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Carolyn E. Miner, in pro. per.; Consumer Action Law Group, Yelena Gurevich and Lauren Rode for Plaintiff and Appellant.

Wargo & French, Mark Block and Jeffrey N. Williams for Plaintiff and Respondent.

-ooOoo-

Plaintiff appeals from a judgment entered after defendants' motion for summary judgment was granted.  The trial court correctly determined plaintiff failed to raise a

[*]      Before Hill, P. J., Levy, J. and Detjen, J.

triable issue of material fact and properly granted summary judgment. Accordingly, we affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff obtained a home loan secured by a deed of trust from Washington Mutual Bank. When she defaulted in payment, defendant, California Reconveyance Company (CRC), as trustee named in the deed of trust, served a notice of default and notice of trustee's sale, indicating there was an unpaid balance on the loan of approximately $620,000. Plaintiff tendered an International Money Order (IMO) in the amount of $900,000 in payment of the balance due on the loan. Defendant, Chase Home Finance (Chase), successor in interest of Washington Mutual, received the IMO and initially accepted it as payment in full, subject to the bank honoring the IMO. Chase never received any monies from the IMO and determined it was not a legally valid form of payment. Chase notified plaintiff the IMO was invalid and the loan was reinstated. Plaintiff failed to cure the default, a trustee's sale was held, and Chase purchased the property. Plaintiff sued to set aside the trustee's sale and cancel the trustee's deed, alleging the trustee's sale was improperly held, since she tendered all amounts due and owing. Defendants moved for and were granted summary judgment. Plaintiff appeals the judgment.

### *DISCUSSION*

A grant of summary judgment is reviewed de novo. (*Wolf v. Mitchell, Silberberg & Knupp* (1999) 76 Cal.App.4th 1030, 1035.) Summary judgment is properly granted when no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) In moving for summary judgment, a "defendant … has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action … cannot be established, or that there is a complete defense to that cause of

2

action." (§ 437c, subd. (p)(2).) Once the moving defendant has met its initial burden, "the burden shifts to the plaintiff … to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(2).)

"As a summary judgment motion raises only questions of law regarding the construction and effect of supporting and opposing papers, this court independently applies the same three-step analysis required of the trial court. We identify issues framed by the pleadings; determine whether the moving party's showing established facts that negate the opponent's claim and justify a judgment in the moving party's favor; and if it does, we finally determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citations.]" (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342 (*Tsemetzin*).) "There is a triable issue of fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 850, fn. omitted (*Aguilar*).) "The evidence of the party opposing the motion must be liberally construed, and that of the moving party strictly construed." (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 308.)

## I.      Authority to Foreclose

The first issues plaintiff raises relate to whether Chase was validly assigned the beneficial interest in her deed of trust and whether it had authority to conduct a trustee's sale. The first step in analyzing a summary judgment motion is to determine the issues raised by the pleadings. The complaint alleges Chase was the successor in interest of Washington Mutual and the trustee's sale was improperly held because plaintiff tendered to Chase all amounts due and owing under the note and deed of trust. The complaint does not allege the trustee's sale was improper because Chase was not the successor in

3

interest of Washington Mutual or because Chase lacked authorization to conduct the sale or direct that it be conducted.

"The burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint*. A 'moving party need not "… refute liability on some theoretical possibility not included in the pleadings." [Citation.]' [Citation.] '"[A] motion for summary judgment must be directed to the issues raised by the pleadings. The [papers] filed in response to a defendant's motion for summary judgment may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings." [Citation.]' [Citations.]" (*Tsemetzin, supra,* 57 Cal.App.4th at pp. 1342-1343.)

Plaintiff's contentions regarding the authority of Chase or CRC to conduct the sale are outside the scope of the allegations of the complaint and therefore cannot raise a triable issue of material fact to defeat defendants' motion for summary judgment.

## II.     Tender of Payment

Plaintiff's contention the trustee's sale was improperly conducted because she tendered payment in full prior to the sale is alleged in the complaint. Consequently, the first step in the summary judgment analysis was met and defendants were required to address that issue in their motion. Defendants did so, arguing that, while plaintiff tendered the IMO in payment of her debt, her debt was never actually paid. Chase could not negotiate the IMO because it was not a legally valid form of payment. Consequently, Chase did not receive any funds for the IMO and the debt remained unpaid.

The second step in our analysis requires that we determine whether defendants' showing established facts that negated plaintiff's claim and justified a judgment in

4

defendants' favor. We are hampered in that effort by the absence from the record of either party's separate statement of undisputed material facts.[1]

"An appealed judgment is presumed correct, and the appellant must affirmatively demonstrate error." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.) "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp*. (2007) 154 Cal.App.4th 547, 557 (*Yield Dynamics*).) The burden is on the appellant to provide an adequate record to demonstrate the claimed error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

In a motion for summary judgment, the facts the moving party contends are undisputed must be set out in the separate statement of undisputed material facts, with citation to the evidence demonstrating the fact is undisputed. (Cal. Code Civ. Proc., § 437c, subd. (b)(1); Cal. Rules of Court, rule 3.1350(d).) The opposing party must present a separate statement responding to the moving party's, and citing to the evidence the opposing party contends raises triable issues of fact. (Cal. Code Civ. Proc., §437c, subd. (b)(3); Cal. Rules of Court, rule 3.1350(f).) Generally, only facts and evidence set out in the separate statement will be considered by the trial court. (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337; *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315.) Because the separate statements were not included in the record on appeal, we do not know what facts defendants presented as undisputed or what evidence they relied on; we do not know which of defendants' facts plaintiff contended were disputed and what, if any, evidence she relied on as creating such a dispute. "[W]here the record is silent the reviewing court will indulge all

---

[1] The register of actions indicates both plaintiff and defendants filed a separate statement in the trial court.

5

reasonable inferences in support of the judgment." (*Yield Dynamics, supra*, 154 Cal.App.4th at p. 557.) Accordingly, we infer that the evidence defendants' brief identifies and contends supported their motion was properly cited in their separate statement.

Defendants point to evidence in the record that, although Chase received the IMO, it did not receive payment of plaintiff's loan obligation. Plaintiff contends she raised three triable issues of material fact in her opposition: (1) whether the IMO she tendered to Chase was legal tender; (2) whether the IMO was rejected for insufficient funds; and (3) whether plaintiff "tendered her indebtedness."

Regarding issue (1), plaintiff asserts the IMO was issued by the United States Treasury and was designed for the United States Treasury to pay off her debt. Plaintiff cites no evidence in the record in support of this statement.[2] She presents no argument, supported by legal authority, for the proposition that the IMO was a valid form of payment. She has not demonstrated a triable issue of material fact remains.

Regarding issue (2), whether the IMO was rejected for insufficient funds, plaintiff asserts there was confusion in Chase's customer service comments regarding whether funds from the IMO were applied to her loan and whether some of the funds were missing. She cites no evidence in the record in support of the existence of a dispute. We agree with defendants that the issue is not whether the IMO was rejected for insufficient funds, but whether it was rejected by Chase because Chase was unable to negotiate it and received no funds for it. Plaintiff has cited no evidence in the record controverting defendants' evidence that it received no funds for the IMO. Plaintiff did not present

---

[2] Evidence in the record indicates plaintiff testified in deposition that she obtained the IMO from a nonprofit organization called Equishare, a humanitarian group that helped homeowners; her contact there was Douglas Prichard. He sent the IMO directly to Chase. Plaintiff could not explain why the United States Treasury would pay off her home loan; she simply relied on Prichard's representations to her. Plaintiff admitted she did not have the funds to pay off her home loan personally, and she paid Equishare $6,000 for its services.

evidence that "would allow a reasonable trier of fact to find the underlying fact in favor of" plaintiff. (*Aguilar, supra,* 25 Cal.4th at p. 850.) Plaintiff has not raised a triable issue of fact regarding whether Chase received funds sufficient to pay off her loan obligation.

Regarding issue (3), plaintiff asserts she "tendered her indebtedness to Chase in the form of an IMO." She asserts Chase's transaction history shows the IMO was cashed, her loan was paid in full, and there was a surplus of $268,293.73. Plaintiff does not cite to the specific portion of the record she contends supports these assertions. The transaction history of plaintiff's account shows she was credited with payment in full on October 27, 2009; an entry for November 23, 2009, shows a returned item in the same amount. A letter to plaintiff from Chase dated November 3, 2009, confirmed her loan was paid in full, and then explained: "Chase considers your loan paid in full based upon the receipt of payoff funds and/or the honoring of payments that have not yet cleared our processing system. If your bank does not honor any of the outstanding items, for whatever reason, you will be responsible for such items." A subsequent letter dated November 24, 2009, advised plaintiff that her mortgage payment was returned and "[w]e have reversed the payment from your home loan account."

In her reply brief, plaintiff asserts her declaration raised a triable issue regarding whether the loan balance was paid. Her declaration stated: "On or about September 18, 2009, I tendered to Chase all amounts due and owning [*sic*] so that the claimed default may be cured and I may be reinstated to my former rights and privileges under the Deed of Trust." She stated the IMO placed in evidence by defendants was "a true and correct copy of the Money Order tendered to Chase by Douglas-Dewing Prichard on my behalf." While her declaration asserts plaintiff tendered payment in the form of the IMO, it does not provide any evidence that the IMO was honored and paid, or that Chase received any funds from it in payment of her loan. Nothing in her declaration disputes defendants'

7

evidence that the IMO was returned unpaid, the loan was reinstated, and plaintiff failed to pay the balance due and owing.

Plaintiff failed to demonstrate that a triable issue remained as to any material fact. Consequently, summary judgment in defendants' favor was properly granted.

## *DISPOSITION*

The judgment is affirmed. Defendants are entitled to their costs on appeal.