**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARRY D. KRAUSE, TRUSTEE, RICHARD MUSGRAVE BYPASS TRUST<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DENNIS R. BOOK AND BOOK & BOOK LLP,<br><br>Defendants-Appellees. | No.  16-15460<br><br>D.C. No. 5:15-CV-02280-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted October 20, 2017[**]
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and GWIN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

1

This is an action by Harry Krause, trustee of the Richard Musgrave Bypass Trust, against his predecessor as trustee, Peggy Musgrave, and the Trust's former attorney, Dennis Book, for breach of fiduciary duty, breach of trust, conversion, and malpractice. Krause, suing as trustee on behalf of the Trust, alleges that Musgrave and Book improperly diverted approximately $1.2 million from the Bypass Trust before he became trustee. The district court dismissed the claims against Book as time-barred under California Code of Civil Procedure § 340.6, but gave Krause thirty days to file an amended complaint. On the thirtieth day, Krause moved for an extension of time in which to amend his complaint or, in the alternative, for leave to file the amended complaint attached to his motion. The district judge denied Krause's motion with prejudice. Krause then settled his claims against Musgrave. The only claims at issue on appeal are those against Book.

After the district court entered a final judgment dismissing Krause's claims against Book, Krause appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Book argues that the district court's December 10, 2015 order denying leave to amend was a final judgment because it effectively "extinguished" Krause's case, *In re Korean Air Lines Co., Ltd., Antitrust Litig.*, 642 F.3d 685, 698 (9th Cir. 2011) (finding that denial of leave to amend was a final order because it "effectively extinguished Plaintiffs' entire case"), and that Krause's eventual appeal from the

2

later judgment was therefore untimely. But, when the district judge entered its December 10 order, Krause's claims against Musgrave, which were not dismissed until January 28, 2016, remained outstanding. Thus, there was no final judgment until February 19, 2016, when the court entered its formal order dismissing Krause's complaint against Book. *See* Fed. R. Civ. P. 54(b). Krause timely appealed less than thirty days later, on March 17, 2016. Therefore, we reject Book's argument that the appeal was untimely.

2. The district court correctly found that Krause's claims against Book are time-barred under § 340.6, a four-year statute of limitations for attorney malpractice claims. Because Book ceased representing Musgrave in December 2009, any claims against Book arising out of his representation of the Trust would, absent tolling, be time-barred after December 2013. Krause did not file this suit until May 20, 2015. For the reasons stated below, none of the bases for tolling the statute of limitations are applicable.

3. Krause first argues for tolling under California Code of Civil Procedure § 340.6(b), which provides that the statute of limitations in an attorney malpractice action "based upon an instrument in writing, the effective date of which depends upon some act or event of the future" begins to run only upon the occurrence of that event. Krause contends that the Bypass Trust could not become effective until the death of Peggy Musgrave. But, under California law, a trust becomes effective when

3

assets are transferred into it. *See Platt v. Wells Fargo Bank Am. Trust Co.*, 35 Cal. Rptr. 377, 385 (Ct. App. 1963) (deeming irrevocable trust effective upon distribution of assets into trust). Assets were transferred into the Bypass Trust in 2008. There is no basis for Krause's argument that there are multiple effective dates for tolling purposes.

4. Krause next relies on § 340.6(a)(1), which provides for tolling until a plaintiff suffers "actual injury." In an attorney malpractice case, actual injury requires "damages compensable in an action" against the attorney. *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison*, 958 P.2d 1062, 1071 (Cal. 1998). Krause argues that any damages suffered by the Trust during Musgrave's trusteeship were not compensable by Book because Musgrave had misallocated the funds, and she had a duty to restore them. This argument fails. As trustee, Musgrave had an obligation to protect trust assets, and sustained an actual injury as trustee when Book assisted in underfunding the trust estate, even if such underfunding enriched Musgrave personally. *See* Cal. Prob. Code. § 16249. Moreover, the beneficiaries of the trust sustained actual injury when the underfunding occurred, and could have pursued damages from both Musgrave and Book; attorneys are liable to trust beneficiaries for breaches of fiduciary duty in which they participate. *See Wolf v. Mitchell, Silberberg & Knupp*, 90 Cal. Rptr. 2d 792, 795–96 (Ct. App. 1999). If Book participated in the alleged diversion of funds, Krause, as a beneficiary, could

have recovered damages directly from Book after the diversion occurred.

5. Krause next argues that at least some of the damages compensable by Book are the costs of this litigation, which were not incurred until after the statute of limitations had run. But, even if the expense of bringing a malpractice suit gives rise to recoverable damages, the fact that the Trust may have suffered further injury after the statute began to run does not warrant tolling. *See  Foxborough v. Van Atta*, 31 Cal. Rptr. 2d 525, 530 (Ct. App. 1994) ("Thus, when malpractice results in the loss of a right, remedy, or interest, or in the imposition of a liability, there has been actual injury regardless of whether future events may affect the permanency of the injury or the amount of monetary damages eventually incurred.").

6. Krause argues that the statute of limitations was tolled under § 340.6(a)(4) because he was under a "legal disability" and unable to commence legal action until he became trustee. A legal disability is one that denies a claimant access to the court. *See Bledstein v. Superior Court*, 208 Cal. Rptr. 428, 437 (Ct. App. 1984). This argument fails. Neither the prior nor current trustee of this trust was under a legal disability that would have prevented filing a malpractice action against Book. *See* Cal. Prob. Code § 16249. To the extent Krause raises this argument not as a trustee, but as a beneficiary, his argument fails because he could have brought suit against "third parties who are alleged to have committed torts against the trust," including an attorney who aided and abetted a trustee's breach of fiduciary duty. *Wolf*, 90 Cal.

5

Rptr. 2d at 795; *see also* Cal. Prob. Code § 17200(a), (b)(12) (authorizing a beneficiary to bring an action "[c]ompelling redress of a breach of the trust by any available remedy").

7. Finally, Krause argues that the district court abused its discretion in denying his motion for leave to file an amended complaint. The district court's order cited *Foman v. Davis*, 371 U.S. 178, 182 (1962), under which a court may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."

8. The only new claim against Book in the proposed amended complaint is a count alleging breach of fiduciary duty, based on Book's failure to communicate with Krause after Krause became trustee in 2014. But the statute of limitations had run before 2014 because of the diversion of funds. And, the complaint does not explain how the Trust was further damaged because of the alleged failure to communicate. The proposed amendment was therefore futile.

**AFFIRMED.**