Filed 5/20/22  Yang v. Simas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BIN YANG,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>STEVEN L. SIMAS et al.,<br><br>Defendants and Respondents. | C093348<br><br>(Super. Ct. No. 34-2019-00264048-CU-PN-GDS) |

This appeal involves an attorney-client relationship that broke down over a decade ago.  In late 2011, Bin Yang hired attorney Steven L. Simas to help her challenge a decision from the Medical Board of California.  Yang, who graduated from a medical college in China, had applied for a license to practice medicine in California.  But the Medical Board denied her application for three reasons.  First, it found Yang failed to prove her medical education was sufficient to support licensure in California.  Second, it found Yang had multiple criminal convictions, including a 1995 theft conviction and a 2005 assault conviction.  And third, it found Yang had engaged in unprofessional conduct

1

when she held herself out as a medical doctor even though she did not have a medical license.

After Yang hired Simas, Simas filed (on Yang's behalf) a petition for writ of mandate seeking to vacate the Medical Board's decision. But shortly after, the parties' relationship quickly deteriorated. In early 2012, in a motion to withdraw as counsel, Simas accused Yang of failing to cooperate, of failing to pay her bills, and of being disrespectful to staff. A month later, Yang leveled accusations of her own against Simas. In a letter to the State Bar of California, she accused Simas of being a "fraud" with an office "set up to create unnecessary legal procedures to rip off clients." She reasoned that Simas told her he believed her case had merit but then, after charging for unnecessary "legal activities," said her case lacked merit. A year after Yang sent her letter to the State Bar, and after Simas again moved to withdraw as counsel, the trial court granted Simas's motion to withdraw.[1]

Nearly six years after all these events, in 2019, Yang filed this current suit against Simas and Simas & Associates, Ltd. (Respondents) for fraud and legal malpractice. As in this appeal, Yang represented herself without counsel. She alleged, as she had alleged in her letter to the State Bar, that Respondents charged her for unnecessary "legal activities" and engaged in fraud. She also faulted Respondents for the dismissal of her suit against the Medical Board, which had been dismissed in 2017 based on her failure to prosecute the case. But the trial court, after Respondents filed a demurrer, found both Yang's causes of action barred under the applicable statutes of limitations. It found Yang's fraud claim barred under the three-year statute of limitations in Code of Civil Procedure section 338, subdivision (d), and it found her legal malpractice claim barred under the one-year statute of limitations in Code of Civil Procedure section 340.6 (section

---

[1] For reasons that are unclear from the record, the trial court did not grant Simas's initial motion to withdraw as counsel.

2

340.6), subdivision (a). And although the trial court granted Yang leave to amend her complaint, it found her amended complaint fared no better. The court afterward entered judgment in favor of Respondents.

On Yang's appeal, we affirm. As courts have often explained, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Although Yang, attempting to meet this burden, claims the trial court erred in several respects, none of her arguments evidences any error, let alone one justifying reversal of the judgment in this case.

First, Yang claims the statute of limitations has not run on her claims, because "[t]he injuries and suffering that Respondents have caused [her] have never ended." She reasons that her mother recently died after hearing her suit against the Medical Board had been dismissed. Although Yang does not explain her theory for holding Respondents liable for her mother's death, she appears to believe them responsible under the theory of negligent inflection of emotional distress. But to the extent that is her belief, she misunderstands the relevant law. (See *Steven F. v. Anaheim Union High School Dist.* (2003) 112 Cal.App.4th 904, 911 ["any recovery for the 'negligent infliction of emotional distress' on the part of third party relatives requires that the plaintiff either be a bystander or direct victim"; " '[b]ystander duty[]' . . . is only recognized when the bystander is closely related to the victim, is 'present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim,' and suffers emotional distress beyond what would be 'anticipated in a disinterested witness' "].) And even if Yang's reasoning were legally sound, her argument is not factually supported in any event. Because Yang cites nothing in the record supporting her allegation—not even a record citation showing her mother died—we find that reason

3

enough to reject her claim. (*Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1406 (*Jumaane*) [courts "may disregard any claims when no reference [to the record] is furnished"].)

Second, still maintaining her action was timely, Yang offers two claims without any reasoned argument or supportive evidence. She argues: "Respondents have knowingly lied to the court over and over, which constituted fraud on the court that has NO statue limitation [*sic*]." And she claims: "Federal Rules 3.3, 26 and 11 have NO statue limitation [*sic*], either. [¶] To actively assist Respondents walk away free will turn the California legal system and government a crime-making machine [*sic*], destroying the democracy and constitution that the nation has spent over 245 years to develop." But because Yang offers both these claims without any reasoned argument or supportive evidence, we find both forfeited. (*Jumaane, supra*, 241 Cal.App.4th at p. 1406; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

Third, Yang claims the statute of limitations has not run on her claims, because Simas's fraud is ongoing. That is so, she argues, because Simas currently represents "another foreign medical graduate who lacks US legal knowledge" and, as with Yang, Simas "make[s] up 'legal procedures' to make easy money." But that another client might have a timely cause of action against Respondents for fraud does not mean that Yang also has a timely cause of action against Respondents. As the trial court explained, "[t]he alleged fact that Simas . . . is currently defrauding a person who is not a party to this action does not alter the fact that [Yang] was required to bring a [timely] cause of action after discovering Simas' [allegedly] fraudulent activity and suffering damages."

Next, Yang contends her "legal disability" prevented her from filing her action earlier. She bases her argument on section 340.6, subdivision (a)(4), which explains that the statute of limitations for a legal malpractice claim "shall be tolled during the time" the

"plaintiff is under a legal . . . disability that restricts the plaintiff's ability to commence legal action." In Yang's telling, she had (and continues to have) a legal disability because she is "a lay person from a totally different culture." But Yang misunderstands what constitutes a "legal disability" under section 340.6. A person is under a legal disability under section 340.6 when she is "prevented by [certain] circumstances beyond h[er] control, such as minority, mental illness, or incarceration, from pursuing h[er] legal remedy." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1210; see also *Krause v. Book* (9th Cir. 2017) 714 Fed.Appx. 652, 655 [under § 340.6, "[a] legal disability is one that denies a claimant access to the court"].) But a plaintiff's mere unfamiliarity with the law does not prevent her from pursuing her legal remedy. At any rate, because Yang raises this argument for the first time in her reply brief, and without good cause, we find the argument forfeited. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 (*Neighbours*).)

Lastly, moving beyond the statute of limitations, Yang claims the trial court judge "should have recused himself from this case per CCP 170.1(a)(1) and 170.6(a)" because he "had personal knowledge about Respondents" and "was biased against Appellant." But as with her other claims, Yang supplies no facts tending to support either of these allegations about the judge's personal knowledge and biases. We find this shortcoming fatal to her argument. (*Jumaane, supra*, 241 Cal.App.4th at p. 1406 [courts "may disregard any claims when no reference [to the record] is furnished"].) Because, moreover, Yang raises this argument for the first time in her reply brief, and without good cause, we find her argument forfeited in any event. (*Neighbours, supra*, 217 Cal.App.3d at p. 335, fn. 8.)

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

                                    \s\
                                    BLEASE, Acting P. J.

We concur:

\s\
ROBIE, J.

\s\
DUARTE, J.

6